IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY CUSICK and LUANNE JELONECK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12 C 10200 ) ) Judge John J. Tharp, Jr. |
| CENTRAL GROCERS, INC., | ) ) |
| Defendant. | ) |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss the Amended Complaint [11] is denied. Defendant's answer to the Amended Complaint is due within 21 days of entry of this order.

## STATEMENT

The plaintiffs are two former employees of Central Grocers who allege in their First Amended Complaint that they were passed over for promotions because they are women. Plaintiff Cusick filed an EEOC charge on April 17, 2009, stating that she "was repeatedly denied promotion to a supervisory position, while similarly situated male employees were promoted." Plaintiff Jeloneck filed an EEOC charge on April 17, 2009, stating that she was "denied a promotion to supervisor on January 29, 2009." These EEOC charges are attached to the complaint and therefore are part of the pleadings.

Central Grocers moves to dismiss the amended complaint on the grounds that the plaintiffs' claims are untimely and beyond the scope of the administrative charges, and that, in any event, the allegations are insufficient to state a claim upon which relief can be granted. In reviewing the motion to dismiss, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiffs' favor. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

First, the Court agrees with Central Grocers—and the plaintiffs, who concede the point— that any alleged failure to promote the plaintiffs that occurred before June 10, 2008, is not actionable in this case, since it would fall outside the 300 days preceding the EEOC charges. *See Adams v. City of Indianapolis*, --- F.3d ----, 2014 WL 406772, at *7 (7th Cir. Feb. 4, 2014) (failures to promote are discrete discriminatory acts that must fall within 300-day window). The plaintiffs say the complaint references earlier events as background only, and the Court will not consider them further, as any claims premised on those events are time-barred. *See Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) To the extent that defendant contends

that the plaintiffs have not sufficiently alleged discriminatory conduct that occurred within the 300-day period, however, that goes to the adequacy of the pleading, not the timeliness of the claims.

Second, Central Grocers contends that the failure-to-promote claims in the complaint go beyond the scope of the plaintiffs' EEOC charges. Certainly, the plaintiffs may proceed on their claims only to the extent they were first brought to the EEOC. "In Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-1100 (7th Cir. 2013).

The defendant contends that because Jelonek alleged a single failure to promote in her charge that, to the extent the complaint seeks relief for other (unspecified) failures to promote within the 300-day period, it goes beyond the scope. As to Cusick, her EEOC charge refers to being "repeatedly denied promotion to a supervisory position." The defendant says that the complaint "expands" the scope of the charge because it specifies one instance that occurred "in 2009 . . . [o]ne week prior to Defendant's move to Joliet." The defendant appears to allow that each plaintiff has at least one non-promotion within the scope of her administrative charges, but it asks the Court to dismiss the complaint "to the extent it is based on Plaintiffs' alleged non-promotions not contained in their EEOC charges." Reply, Dkt. # 17 at 8.

On the face of the pleadings, the Court cannot conclude that the plaintiffs' claims are outside the scope of their EEOC charges. The allegations in the complaint must be "like or reasonably related to those contained in the EEOC complaint" in that "there is a factual relationship between them"; "[a]t a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). Here, the substance of the charges and the complaint is the same. The complaint is directed at Central Grocers' failure to promote the plaintiffs on account their gender; each plaintiff complained about the same conduct in their EEOC charges. Any lack of detail in the complaint goes to the adequacy of the claims rather than whether the charges sufficiently placed Central Grocers on notice of conduct for which it might be sued and allowed the EEOC the opportunity to perform its conciliatory function. *See Ezell*, 400 F.3d at 1046 (explaining that the administrative exhaustion requirement "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts"). The purpose of the exhaustion requirement is met here and does not warrant dismissal.

Finally, the defendant argues that the plaintiffs have simply not pleaded their claims adequately because their sparse pleading does not contain sufficient facts to raise the plaintiffs' right to relief above a speculative level and state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The defendant's chief complaint is that the plaintiffs do not allege facts to support the various elements of a gender discrimination claim, instead stating in a conclusory fashion that they were performing up to the defendant's standards, and requested promotions on numerous

occasions, but were never promoted while various male colleagues were. The defendant would require the plaintiffs to identify the specific supervisory positions for which they applied, and allege that those positions were open and that they were qualified to fill them. The defendant would further require the plaintiffs to specifically identify the men who were promoted and set forth whether the plaintiffs had the same qualifications and were otherwise similarly situated.

Based on prevailing Seventh Circuit law, the defendant seeks to impose too high a standard on the pleading of a gender discrimination claim. A discrimination complaint must simply aver that the employer instituted a specific adverse employment action on the basis of the plaintiffs' gender, race, or other protected category. *Lavalais*, 734 F.3d at 633; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) Furthermore, as particularly relevant to the defendant's arguments, the Supreme Court and the Seventh Circuit have explained that plaintiffs are not required to plead facts that correspond to the steps of proving a claim under the indirect method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss"); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). In *Swierkiewicz*, the Supreme Court declined to impose any particularity requirements on the pleading of employment discrimination claims, and expressly reaffirmed that the *McDonnell Douglas* test is an evidentiary standard—one that is not used in all cases, at that—and not a pleading rule.

Although the Seventh Circuit has recognized some "tension" between the Supreme Court's *Iqbal* and *Twombly* rulings and its pronouncement that there is no particularity required in pleading claims of employment discrimination, it has stated that it will continue to apply the general notice-pleading rule of *Swierkiewicz*, "unless and until the Supreme Court itself overrules" it. *Luevano*, 722 F.3d at 1028. In short, "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo*, 526 F.3d at 1081; *see also Levalais*, 734 F.3d at 633 (explaining that pleading a simple discrimination claim does not require the degree of specificity that more complex claims are held to).

This complaint sufficiently, and plausibly, sets forth a claim that the plaintiffs suffered an adverse employment action—failure to promote—because of their gender. The plaintiffs allege that both Cusick and Jelonek were qualified for promotions (and indeed, were already performing supervisory tasks), requested promotions, and were passed over in favor of male employees, who then performed the same supervisory tasks for higher pay. The complaint further alleges that the plaintiffs were told by a manager that women could not be supervisors because the men in the warehouses would not listen to them. This assertion by a manager, which must be credited for now, lends plausibility to the plaintiffs' allegations that the reason they were not promoted is their gender. Furthermore, the lack of detail regarding when and how the plaintiffs requested promotions is accounted for by their allegations that Central Grocers had no formal process for promotion decisions. The complaint states that "supervisory positions were never announced or posted" and that "male employees were simply promoted after they had been working in clerical positions for a period of time." Am. Compl., Dkt. #10 ¶ 30. This allegation sheds light on why the plaintiffs have not pointed to specific "applications" that were denied.

Defendant's only arguments for dismissal are inconsistent with Seventh Circuit and Supreme Court precedent; accordingly, the motion to dismiss is denied. The defendant's answer to the amended complaint is due within 21 days of this order.

Date: March 10, 2014

John J. Tharp, Jr.
United States District Judge